# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Bernard McFadden, | ) |
| | ) Civil Action No.: 2:15-cv-04144-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER AND OPINION** |
| | ) |
| Brian Stirling, Director, | ) |
| and South Carolina Department | ) |
| of Corrections, | ) |
| Defendant. | ) |
| | ) |

Plaintiff Bernard McFadden ("Plaintiff"), proceeding pro se, brings this action seeking relief pursuant to 42 U.S.C. §§ 1981 and 1983. (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 8), filed February 23, 2016, recommending that Plaintiff's Complaint (ECF No. 1) be dismissed with prejudice. After considering Plaintiff's Objections ("Objections") (ECF No. 11), filed March 9, 2017, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 8) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The court adopts the findings of the Magistrate Judge's Report as its own and only relays herein the facts necessary to decide the issues below.

On October 6, 2015, Plaintiff filed an action against Defendants under 42 U.S.C. §§ 1981 and 1983. (ECF No. 1.) Plaintiff contends that his exclusion from a work release program was in retaliation for previous litigation and was racially motivated. (ECF No. 1.) Plaintiff further contends that South Carolina Department of Corrections' ("SCDC") Director Stirling

1

intentionally designed Policy OP-21.04, Section 49.1[1] in order to "retaliate by selectively allowing work release for some inmates while discriminating against other inmates." (ECF No. 1.) Plaintiff claims that his exclusion from the work release program and the policy facilitating the same are a violation of his civil rights and thus give rise to an action under 42 U.S.C. § 1983.

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(c) for the District of South Carolina. The Magistrate Judge makes only a recommendation to the court, which has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court reviews de novo only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to – including those portions to which only "general and conclusory" objections have been made – for clear error. See Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

## III. ANALYSIS

The Report was filed February 23, 2016. (ECF No. 8.)

Plaintiff filed his Objections to the Report on March 9, 2016. (ECF No. 11.) The court perceives that Plaintiff made three specific objections to the Report:

> 1. Plaintiff specifically objects to the Report's characterization of Defendants as immune from suit under the Eleventh Amendment.

---

[1] Available at http://www.doc.sc.gov/policy/policy.html.

2. Plaintiff specifically objects to the Report's assertion that Plaintiff's claims have previously been adjudicated.
3. Plaintiff specifically objects to the Report's assertion that Plaintiff claimed a constitutional right to work release as opposed to claiming a lack of equal treatment.

(ECF No. 11.)

**1. Defendants' Eleventh Amendment Immunity from Suit**

The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign state." U.S. Const. amend XI; see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (holding that the Eleventh Amendment bars suits against a state filed by its own citizens).

In enacting 42 U.S.C. § 1983, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66-67 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits…"). While sovereign immunity does not bar suit where a state has given consent to be sued or where Congress abrogates the sovereign immunity of a state, neither exception applies here. Congress has not abrogated states' sovereign immunity under § 1983, see Quern v. Jordan, 440 U.S. 332, 345 (1979), and South Carolina has not consented to suit in federal district court, see S.C. Code Ann. § 15-78-20(e) (2005).

In the caption of his Complaint, Plaintiff sues the SCDC and Director Stirling "in his official capacity." (ECF No. 1.) Both Defendants are immune from suit. Sovereign immunity protects the State, as well as its agencies, divisions, departments, officials, and other "arms of the

State." Will, 491 U.S. at 70. The SCDC is a department of the State of South Carolina, see S.C. Code Ann. § 24-10-30 (2007); S.C. Dep't of Corrs., About, http://www.doc.sc.gov/about_scdc/about.html (last visited Oct. 18, 2017), and is therefore immune from suit. Plaintiff is suing Director Stirling "in his official capacity." (ECF No. 1.) But, Eleventh Amendment immunity protects state officials acting in their official capacity. Will, 491 U.S. at 71 (explaining that a suit against a state official in his official capacity is "no different from the State"). Therefore, Director Stirling is also immune from suit. Since both Defendants are immune from suit, they will be dismissed as parties and the action summarily dismissed.

**2. Additional Grounds for Dismissal**

The court notes that Defendants' Eleventh Amendment immunity is sufficient to dismiss the case; however, the court also considered Plaintiff's additional objections.

**A. Previous Adjudication of Claims**

Plaintiff's allegations about denial of his work release at Kershaw Correctional Institution were expressly considered and rejected in McFadden v. York, Case No. 8:13-cv-02278-JMC-BHH, 2014 WL 4954921 (D.S.C. Sep. 29, 2014), affirmed by 597 F. App'x 751 (4th Cir. Mar. 19, 2015). There, Plaintiff argued he was discriminated against because of his "sexual preferences" in violation of the Fourteenth Amendment promise of equal protection of the law. Now, Plaintiff argues that his present case should be distinguished from his previous case because he alleges racial discrimination. However, "a prior judgment bars the relitigation of claims that were raised or could have been raised in the prior litigation." Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999). Claims of racial discrimination could have been addressed in the previous litigation, and are therefore barred. Additionally, the "core of operative facts" in the present suit are the same as those in the previous suit, and are thus barred from

further litigation. See e.g., Serna v. Holder, 559 F. App'x 234, 237-238 (4th Cir. 2014) (holding that summary judgment in prior lawsuit barred plaintiff from pursuing second lawsuit when both actions concerned same claims and defendants and, although plaintiff attempted to shift focus of second lawsuit to a challenge to the defendant's "policy," that claim should have been raised in first action and was now barred). As a result, Plaintiff's claim is barred and subject to dismissal.

**B. Failure to State a Claim**

Plaintiff fails to state a plausible claim for relief. To state a § 1983 claim, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42,48 (1988). Plaintiff has no constitutional right to participate in a work release program while in prison.[2] Altizer v. Pagerick, 569 F.2d 812, 813 (4th Cir.), cert. denied, 435 U.S. 109 (1978); see e.g. Smith v. Miller, Case No. 9:07-01774-HFF-GCK, 2008 WL 2433828, at *7 (D.S.C. June 16, 2008), affirmed by 296 F. App'x 360 (4th Cir. 2008). Under 28 U.S.C. § 1915(e)(2)(B), a claim based on a meritless legal theory (such as "claims of infringement of a legal interest which clearly does not exist" may be dismissed summarily. Neitzke v. Williams, 490 U.S.319, 327-328 (1989). Plaintiff does not claim the violation of a right secured by the Constitution or laws of the United States. Instead, he has pled a claim based on a meritless legal theory. He, therefore, has not met the elements of a § 1983 claim, and his complaint is subject to dismissal.

---

[2] Plaintiff may have a claim that the policy violates his right to the equal protection of the law because the essence of the Equal Protection Clause is that "the State must govern impartially," Jones v. Helms, 452 U.S. 412, 423 (1981) (internal quotation omitted), and it is not clear that determining eligibility for the work release program based on offense date constitutes impartial action. However, even if Plaintiff can successfully demonstrate that the policy was discriminatory, this court is not the proper location for such litigation because of Defendants' Eleventh Amendment Immunity and the previous litigation surrounding Plaintiff's treatment.

To state a § 1981 claim, a plaintiff must allege that (1) he is a member of a racial minority; (2) the defendant intended to discriminate against him on the basis of race; and (3) the defendant's discriminatory conduct abridged a right enumerated in § 1981(a). Amini v. Oberlin College, 440 F.3d 350, 358 (6th Cir. 2006). The rights enumerated in § 1981 are the rights "to make and enforce contracts, to sue, be sued, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property." 42 U.S.C. § 1981(a). The requirements of equal protection claims mirror those of a claim under 42 U.S.C. 1981. Brown v. City of Oneonta, N.Y., 221 F.3d 329, 339 (2d Cir. 1999) ("Section 1981, like the Equal Protection Clause, only prohibits intentional racial discrimination.") *cert. denied*, 534 U.S. 816 (2001). Plaintiff does not allege that the policy classifies any person on the basis of race. Further, Plaintiff cannot show that the SCDC policy discriminated against him on the basis of race when the criteria for prisoner eligibility for work release is based on the date of conviction or offense. Thus, Plaintiff's allegations of discrimination constitute mere legal conclusions without factual support and, as a result, do not state a plausible claim for relief. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

## IV. CONCLUSION

After a thorough review of the Report, the court **ACCEPTS** the findings of the Magistrate Judge's Report (ECF No. 8) and **DISMISSES** Plaintiff's Complaint (ECF No. 1).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

October 30, 2017
Columbia, South Carolina