# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Bernard McFadden, ) | |
| ) | Civil Action No.: 2:15-cv-04144-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Bryan Stirling, Acting Director of South ) | |
| Carolina Department of Corrections, in his ) | |
| official capacity, and South Carolina ) | |
| Department of Corrections, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the court upon Plaintiff Bernard McFadden's ("Plaintiff") *pro se* Motion to Alter or Amend Judgment (ECF No. 20), seeking amendment of the court's October 30, 2017 Order and Opinion ("Order") (ECF No. 17), that dismissed Plaintiff's Complaint (ECF No. 1). For the reasons provided herein, the court **DENIES** Plaintiff's Motion (ECF No. 20).

## I. RELEVANT BACKGROUND

On October 6, 2015, Plaintiff filed an action against Defendants under 42 U.S.C §§ 1981 and 1983, alleging that his exclusion from a work release program was in retaliation for previous litigation and racially motivated. (ECF No. 1.) On February 23, 2016, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation recommending that the court dismiss Plaintiff's Complaint. (ECF No. 8.) On October 30, 2017, the court issued an Order accepting the Report and Recommendation and dismissed Plaintiff's Complaint. (ECF No. 17.) Plaintiff then filed his Motion to Alter or Amend Judgment. (ECF No. 20.) This motion is now before the court.

1

## II. LEGAL STANDARD

In his motion, Plaintiff explicitly cites Fed. R. Civ. P. 59(e) as the basis for his Motion to Alter or Amend Judgment. (ECF No. 20 at 1.) Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). The burden is on the moving party to establish one of these three grounds for relief. *Loren Data Corp. v. GXS, Inc.*, Fed. App'x 275, 285 (4th Cir. 2012). The decision of whether to amend a judgment under Rule 59(e) is within the discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). "Rule 59(e) motions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Melendez v. Sebelius*, 611 Fed. App'x 762, 764 (4th Cir. 2015) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008)).

Petitioner is a pro se litigant, as such, the court is required to liberally construe his arguments. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). A pro se complaint, regardless of how unartfully pled, must be held to less stringent standards than formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 111 (1976).

## III. ANALYSIS

Plaintiff does not contend in his Rule 59(e) Motion that there has been an intervening change in the controlling law nor does he present new evidence that was not available prior to the dismissal of his Complaint. (*See* ECF No. 20.) Therefore, Plaintiff must demonstrate clear error or manifest injustice in order to have any grounds for relief. *See Robinson*, 599 F.3d at 407. In his Motion, Plaintiff takes issue with the court's findings that 1) Defendant Stirling was immune from

suit in his official capacity under the Eleventh Amendment (*id.* at ¶ 1); 2) that Plaintiff failed to state a claim for relief (*id.* at ¶ 2); and 3) that Plaintiff's claims were previously adjudicated and therefore barred from suit (*id.* at ¶¶ 3-4). However, "a motion to reconsider is not a vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-cv-01063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co.*, 544 U.S. at 485 n.5). After careful review of the Order and record in this case, the court does not find clear error or manifest injustice. As such, Plaintiff has not met his burden of establishing a grounds for relief under Rule 59(e).

## IV. CONCLUSION

Based on the reasons stated above, the court **DENIES** Plaintiff's Motion to Alter or Amend Judgment (ECF No. 20).

**IT IS SO ORDERED.**

*/s/ J. Michelle Childs*
United States District Judge

August 8, 2018
Columbia, South Carolina